[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant John M. Wyzik filed this motion to strike in the above action. The plaintiffs in this action are KBC Realty, a partnership consisting of the defendant and coplaintiffs Marlene Cannon and Susan J. Boccasile. The defendant moves to strike the partnership from all counts of the complaint, claiming that as a matter of law a partnership cannot sue one of its partners.
The Court determined that it shall decide this question in the first instance, as the position taken by the defendant may be interpreted as a question of standing, which may implicate subject matter jurisdiction. There appears to be no question that the partnership is bringing an action against one of its partners. The theory of the motion to strike is that it is claimed that Connecticut subscribes to the "aggregate theory" which treats a partnership as only an aggregate of individuals, in CT Page 1830-cf contract to the "entity theory" which treats a partnership as a legal entity.
The first count of the complaint seeks a sale "pursuant to Connecticut General Statutes 52-495, 52-500 and 52-501. These statutes provide for a partition of property held jointly and hence directs that count to the individual parties and not the partnership.
The third count seeks accounting between joint tenants per General Statutes 52-404, and hence directs that count to the individual parties and not the partnership.
The second and the fourth counts can be interpreted as actions by the partnership against the defendant, although the second count more properly appears to be directed to the individual parties as they are the persons who contract amongst themselves in a partnership agreement.
The direct issue, therefore, is whether the partnership can sue the partner in common law for damages in breach of contract, as is codified by General Statutes 52-236. To the extent that the plaintiff may conceivably claim that the partnership is a third party beneficiary of the partnership agreement, this question would also pertain to the second count.
The claim of the defendant is that Connecticut accepts the aggregate theory rather than the entity theory which for many purposes treats the partnership as an entity which is capable of bringing an action in its own name. The new Uniform partnership Act, General Statutes 34-399, allows a partnership to maintain an action against a partner. This act, however, was not adopted until July 1, 1997 and does not apply until January 1, 2002 to partnerships such as this one, which was in existence before July 1, 1997. See General Statutes 34-398.
The previous Uniform partnership Act, Sec. 34-39 to 34-81 does not deal with the proposition of partner and partnerships bringing actions against each other. Hence the matter is left to the common law. General Statutes 34-46 (3) of the former statute provides in part:
 "Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name."
General Statutes 34-46 (3), by a literal reading of the statute provides that property acquired in the partnership name could only be conveyed in whole or in part by the partnership. Hence conveyance of any interest in CT Page 1830-cg said land, whether it be by mortgage, lease or other tenancy must be conveyed not by the individual partners but by the partnership.
The case of Fidelity Trust Co. v. BVD Associates, 196 Conn. 270 (1985) is instructive as concerns the questions of the status of partnership as concerns real estate. The Court in that case determined that the partnership retained title to the property even though the composition of the partnership had changed radically so that none of the original partners were still members of the partnership. Had the Court determined that the partnership was not an entity for the purpose of dealing with real estate then the new composition of the partners would have resulted in a transfer of the property to the new owners and hence would have caused a default in the mortgage by prohibition against "sale or conveyance of said premises or any part thereof . . .". Fidelity TrustCo., supra, p. 271.
This Court must make a determination on the basis of the individual factors presented by the pleadings. It appears clear that the defendant, a partner, is occupying a unit, one of three, in the partnership property, and has entered into an agreement, by contract or by implication, that he will pay compensation rent for his use and occupancy of the property. This Court can see no reason why the entity theory does not apply to this situation. The partnership being the owner of the land, can mortgage, lease or rent the property to others. Having voluntarily assumed the role of tenant no rational theory would insulate the defendant from the responsibilities of a tenant to the owner. "The existence of these factors is sufficient in our judgment to warrant treating a limited partnership as a legal entity, at least for" these purposes. Fidelity Trust Co. v. BVD Associates, 196 Conn. 270, 281 (1985) (CJS 34-46 applies to both general partnerships and limited partnerships. Fidelity, supra, p. 274).
The Court has jurisdiction. Further, the motion to strike is denied.
L. Paul Sullivan, J.